## SHELBY, Administratrix, *v.* MARSHALL, Administrator.

SHELBY agreed with *Craig,* in 1818, for the purchase of certain real estate for 4,000 dollars; paid 1,500 dollars in hand; and gave his obligations for the residue: taking a bond conditioned for the execution of a legal title. At the *April* term, 1820, *Craig* obtained judgment on one of these obligations for 1,000 dollars; and, at the same term, he became surety for *Tate* in the replevy on record of a judgment for 150 dollars at the suit of *Huffnagle.* In *November,* 1820, *Craig* and his wife executed a conveyance to *Shelby* conformably to the title bond, with covenants of right to convey and of general warranty. In 1821, the use for seven years of the estate thus conveyed, was sold as the property of *Craig* on an execution against him and *Tate,* issued on the replevin record; and afterwards, in an ejectment against *Shelby,* the purchaser at sheriff's sale recovered possession of the premises.

*Shelby* filed a bill in chancery against *Craig* setting forth these

facts, suggesting the defendant's insolvency, and praying that the judgment against the complainant might be perpetually en- joined.   The parties having died, the suit was revived in the names of their representatives.

The Court, upon bill, answer, and exhibits, after having as- certained by a writ of inquiry the damages which the complain- ant had sustained on account of the incumbrance, decreed a per- petual injunction against the judgment, to the amount of the as- sessment and costs (1).

(1) Vide *Smith* v. *M'Campbell*, ante, p. 100.